UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO OVALLE,<br><br>        Plaintiff,<br><br>   v.<br><br>SUTTON, et al.,<br><br>        Defendants. | **CASE No. 1:17-cv-00080-MJS (PC)**<br><br>**ORDER DIRECTING CLERK TO RANDOMLY ASSIGN ACTION TO A DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>   **(1) DENY MOTION FOR LEAVE TO EXHAUST ALL STATE REMEDIES (ECF NO. 9); AND**<br><br>   **(2) DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On January 25, 2017, the Court screened Plaintiff's complaint and dismissed it with leave to amend. (ECF No. 8.) The Court noted that Plaintiff's complaint failed to state a claim, and also that Plaintiff's failure to exhaust administrative remedies was plain from the face of the complaint.

On February 8, 2017, Plaintiff filed a "Motion for Leave to Exhaust All State Remedies." (ECF No. 9.) Therein, Plaintiff concedes he has not exhausted administrative remedies and appears to seek a stay of the action pending exhaustion.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney, 311 F.3d at 1199.

"[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. However, "in those rare cases where a failure to exhaust is clear from the face of the complaint," dismissal for failure to state a claim is appropriate, even at the screening stage. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal"), overruled on other grounds by Albino, 747 F.3d at 1166; Sorce v. Garikpaetiti, 2014 WL 2506213 (S.D. Cal. June 2, 2014) (relying on Albino and dismissing the complaint on screening because "it is clear from the face of [plaintiff's] pleading that he has conceded that he failed to exhaust all available administrative remedies . . . before he commenced this action").

Here, Plaintiff concedes that he did not exhaust administrative remedies. In such circumstances, dismissal is warranted. See McKinney, 311 F.3d at 1199; Albino, 747 F.3d at 1169. To the extent Plaintiff's motion for leave to exhaust requests a stay of the proceedings, it should be denied.

Plaintiff did not respond to the Court's order requiring him to consent to or decline Magistrate Judge jurisdiction. Accordingly, the Clerk's Office is HEREBY DIRECTED to randomly assign this matter to a District Judge pursuant to Local Rule 120(e).

Furthermore, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to exhaust (ECF No. 9) be DENIED; and
2. The action be dismissed without prejudice for failure to exhaust administrative remedies.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 21, 2017              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE